**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2011

No. 10-50357
Summary Calendar

Lyle W. Cayce
Clerk

PH.D. CATHERINE L. MARSTON,

Plaintiff–Appellant,

v.

BRAD LIVINGSTON, Executive Director of Texas Department of Criminal Justice; WARDEN KAREN STRONG; LORIE WILLS, former LM Warden; GILBERT CAMPUZANA, Director of Rebion VI of Texas Department of Criminal Justice; ROSSINA VALLADARES, Clinical Administrator for the Lane Murray Unit; NURSE PRACTITIONER JOSEPH SHOLLENBARGER; MEDICAL DOCTOR VANCY BRIDGES; NURSE PRACTITIONER DALE DELLENGER; REGISTERED NURSE DIANE TADLOCH; CHARLOTTE WALTERS; LIEUTENANT WANDA FUSSELL; OWEN MURRAY, Executive Director of Clinical Services; UNIT RISK MANAGEMENT DEPARTMENT OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Huntsville; OTHER DEFENDANTS TO BE ANNOUNCED,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-291

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50357

Catherine L. Marston, Texas prisoner # 1306127, acting pro se, moves for leave to appeal in forma pauperis (IFP) from the entry of summary judgment dismissing a complaint alleging civil rights violations and claims under the Americans With Disabilities Act (ADA). The district court denied Marston's IFP motion and certified that the appeal is not taken in good faith.

The complaint alleged that Marston suffers from repetitive strain injury. The defendants have allegedly acted with deliberate indifference to Marston's serious medical needs, violated her rights under the Americans With Disabilities Act (ADA) by failing to provide appropriate medical treatment and accommodations for her disability, and hindered her ability to file grievances over her mistreatment. Marston has allegedly been harassed and convicted of disciplinary violations as a result of her efforts to obtain proper medical care and a more appropriate work assignment. The district court found that the summary judgment evidence refuted the claim of deliberate indifference; that Marston had failed to allege facts supporting a claim of retaliation; and that there was no evidence that Marston suffered a disability protected by the ADA.

We construe Marston's motion to proceed IFP as a challenge to the district court's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). We ask only whether the appeal involves meritorious legal issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although the defendants' motion for summary judgment, supported by competent evidence, was pending before the district court for over ten months, Marston did not file a response to the motion. She argues on appeal that a filing would have been pointless because the district court was prejudiced, and she notes that, in lieu of filing a responsive pleading, she reported the district court's collusion with the Texas Department of Criminal Justice to the Federal Bureau of Investigation and the United States Department of Justice. Marston does not address the district court's reasons for dismissing her complaint. As Marston

No. 10-50357

fails to challenge any factual or legal aspect of the district court's disposition of the claims raised in her complaint or the certification that her appeal is not taken in good faith, she has abandoned the critical issue of her appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, the appeal lacks arguable merit. *See Howard,* 707 F.2d at 220. Accordingly, Marston's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See* 5th CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Marston is CAUTIONED if she accumulates three strikes, she will not be allowed to proceed IFP in any civil action or appeal filed while she is detained or incarcerated in any facility unless she is under imminent danger of serious physical injury.

3